ORDERED.

**Dated:  September 27, 2023**

Caryl E. Delano
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION
**www.flmb.uscourts.gov**

In re:                                                                          Case No. 2:23-bk-00265-FMD
                                                                                     Chapter 13

Tedulfo Artigas Corrada

     Debtor.[1]

_____/

<u>**ORDER CONFIRMING PLAN**</u>

THIS CASE came on for a hearing on September 7, 2023 following the transmittal of

Debtor's Chapter 13 plan (the "Plan," Doc. No. 2 reference to which shall include any subsequent

amendment made by prior order, in open court during the hearing, or in this Order) to all parties in

interest.  Any amendment to the Plan made by Debtor or the Chapter 13 Trustee at confirmation has

been incorporated herein.  The Court finds that the Plan complies with the provisions of Chapter 13

of the Bankruptcy Code[2] and with other applicable provisions of the Code.

Accordingly, it is hereby

**ORDERED:**

1.     The Plan as amended is confirmed as set forth herein.  If there is a discrepancy

---

[1] All references to "Debtor" shall include and refer to both of Debtors in a case filed jointly by two individuals.
[2] All statutory references are to the Bankruptcy Code, Title 11 of the United States Code, unless otherwise noted. References to rules are to the Federal Rules of Bankruptcy Procedure.

between the provisions of the Plan and this Order, the provisions of this Order supersede the Plan.

2.      Payments by Debtor as set forth in the attached Exhibit "A," incorporated herein by reference, shall be made each month by Trustee-approved electronic transfer, money order or cashier's check for 36 consecutive months commencing on April 9, 2023 to the Chapter 13 Standing Trustee, **Jon M. Waage, P.O. Box 260, Memphis, TN 38101-0260.** Nevertheless, if Trustee has insufficient monies to make distribution pursuant to this Order, or any other Court order, the payments may be adjusted during the life of the Plan without further order of this Court.

3.      Debtor is prohibited from incurring any non-ordinary course post-confirmation debt during the term of this Plan without prior approval of the Court or the Trustee.

4.      All claims, including Debtor's attorney's fees, are allowed or disallowed as set forth in Exhibit "A" attached hereto and by reference made a part hereof. Any party in interest may, within 21 days of the date of this Order, request the Court to examine the fees to be paid to Debtor's attorney.

5.      The Trustee will collect from each payment received his/her percentage fee, which percentage fee is fixed periodically by the United States Trustee. If the Trustee's actual fee is less than provided for in the Plan, any unused portion of the fee may be used to fund the Plan or to increase the distribution to unsecured creditors.

6.      Distributions by the Trustee may commence and continue on a monthly basis to pay allowed claims as set forth on attached Exhibit "A" or as subsequently provided for in an amended Exhibit "A" or Court order. The Trustee is authorized to disburse partial payments based on the availability of funds. The Trustee may distribute partial Plan payments to creditors in their order of priority based upon the availability of funds.

7.      The procedure for treatment of mortgage payment changes and escrow account adjustments during the life of the Plan shall be governed by Rule 3002.1(b).

8.      If a Notice of Payment Change is filed and served, the Trustee may take the following action:

(a)      If the new payment is *less* than the current payment, the Trustee may reduce the payment to the creditor in accordance with the notice and apply the difference to increase the distribution to unsecured creditors; or

(b)      If the new payment is *greater* than the current payment, the Trustee may compute the additional sum Debtor must pay and notify Debtor and Debtor's attorney of the new monthly payment amount.  The payment to the creditor will be adjusted accordingly.

The foregoing provisions are, in effect, a modification to the Plan, which is deemed requested by the Trustee as provided in Section 1329.  Notice and hearing are waived inasmuch as no creditor will be adversely affected by such change.

9.      Provisions for both pre-petition and post-petition arrearages, if any, on allowed secured claims are included in the Plan.  After the completion of all payments under the Plan and the entry of a discharge of Debtor, the delinquencies on mortgages and security interests related to such claims will be deemed cured and their contractual maturities reinstated.  Any post-petition costs or expenses incurred by or on behalf of any secured creditor will be discharged upon the completion of the Plan, unless specifically provided for in this Order, or allowed pursuant a notice provided under Rule 3002.1(c) before the completion of Plan payments.

10.      The automatic stay was terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor as to any secured creditor or lessor for which the Plan provided (a) for the surrender of collateral or leased property to the secured creditor or lessor, or (b) for Debtor to make payments directly to the secured creditor or lessor, (c) that Debtor does not intend to make payments while preserving state law contract rights and defenses, or (d) for which no provision was made in the Plan.  The automatic stay is hereby terminated *in rem* as to Debtor and *in rem* and *in personam* as to any co-debtor as to any secured creditor or lessor not provided for in this Order.

3

11.     The holders of allowed secured claims provided for in the Plan shall retain the lien securing such claim until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under Section 1328.  If the case is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

12.     If the bar date to file proofs of claim has not yet expired, Debtor shall have 28 days following the expiration of the claims bar date to object to any filed claim which has not already been provided for in this Order.

13.     Any claim or amended claim filed after the claims bar date, other than a claim filed by Debtor or the Trustee under Rule 3004, unless provided for in Exhibit "A" of this Order or subsequent modification shall be disallowed and receive no distribution unless an order is entered allowing such untimely filed claim.

14.     If any timely filed claim is not already provided for in this Order, Debtor (through counsel, if any) shall timely file an appropriate motion to modify the confirmed Plan and any objection to claims or motions to value claims.  The Trustee shall review the claims register after all bar dates have passed and may file a motion to dismiss if Debtor fails to timely take appropriate action to address all filed claims.

15.     The Trustee shall hold all funds payable to general unsecured creditors for at least 30 days after the bar date for filing claims has passed, and the Trustee may continue to hold all such funds until all objections to claims have been resolved.

16.     If Debtor files a notice of conversion of this case to a Chapter 7 or the Court orders the conversion of this case to a Chapter 11 or the dismissal of this case, any undistributed funds in the Trustee's possession on the date of conversion or dismissal shall be payable to Debtor and, if Debtor is represented by counsel, mailed to Debtor in care of Debtor's attorney.

17.     Unless otherwise provided for in this Order or any other order of this Court, Debtor

is responsible for paying all post-petition ongoing homeowners' assessments, homeowners' dues, and/or property taxes that are related to real property being retained by Debtor under the Plan, and the automatic stay shall not apply to these post-petition claims.

18.    Debtor is responsible for paying any domestic support obligation that first becomes payable after the petition date.

19.    Any objections to confirmation of the Plan are deemed withdrawn and/or overruled by entry of this Order.

20.    Upon completion of all payments under the Plan, Debtor shall promptly file a declaration under penalty of perjury or affidavit that (a) lists all domestic support obligations and whether such obligations are current or file a certificate stating that Debtor is not required to pay a domestic support obligation and (b) states that §522(q)(l) is not applicable and that no proceeding is pending in which Debtor could be found guilty of an offense listed in §522(q)(l) or liable for a debt of the kind listed in §522(q)(1)(B).

21.    Debtor shall complete a required personal financial management course and file a certificate that such course has been completed within 90 days of the entry of this Order.

22.    The entry of a discharge shall be withheld until Debtor complies with Paragraphs 20 and 21.

23.    This case is not subject to the provisions of §521(i)(l).

24.    During the pendency of the Chapter 13 case, Debtor shall timely file all tax returns and make all tax payments and deposits when due.  (However, if Debtor is not required to file tax returns, Debtor shall provide Trustee with a statement to that effect.)  For each tax return that becomes due after the case is filed, Debtor shall, within 14 days of filing the return, provide the Trustee with a complete copy of the tax return, including business returns if Debtor owns a business, together with all related W-2s and Form 1099s.

25.    Unless otherwise consented to in writing by the Chapter 13 Trustee or subsequently

ordered by the Court, Debtor shall turn over to the Trustee all tax refunds in addition to regular

Plan payments for distribution to allowed general unsecured creditors.  Debtor shall not instruct the

Internal Revenue Service or other taxing agency to apply a refund to the following year's tax

liability.  **Debtor shall not spend any tax refund without first having obtained the Trustee's**

**written consent or subsequent court approval.**

26.     Any discharge entered in this case shall not discharge Debtor's liability on a

federally guaranteed student loan unless the Court specifically finds that repayment of the debt

would cause an undue hardship to Debtor or Debtor's dependents pursuant to §523(a)(8).

27.     To the extent this Order contains any modified term or condition that was not timely

noticed to the parties, any party may seek reconsideration of this Order within 14 days of its entry

by separate motion.

28.     Debtor is under a continuing duty to disclose any changes in financial circumstances

and new assets or potential rights to assets that Debtor acquires post-petition by promptly filing

amended schedules with the Court.  Any failure to disclose changes in financial circumstances or

assets by the filing of amended schedules may result in dismissal of the case and/or denial of

Debtor's discharge.

29.     If a claim is withdrawn by a creditor or the creditor files a satisfaction of the debt or

claim, the Trustee, in his/her discretion may elect to seek recovery of funds already disbursed or to

take no action at all regarding funds already disbursed to that creditor.  The Trustee may also

discontinue any further disbursements if a claim is withdrawn by a creditor.  Any disbursements

made under this Order on account of a claim that is subsequently withdrawn or for which the

Trustee receives a satisfaction of claim are deemed authorized disbursements and the Trustee shall

have no liability therefore.

30.     Unless otherwise consented to in writing by the Chapter 13 Trustee or

subsequently ordered by the Court, **in addition to the aforementioned monies, the Debtor(s)**

must commit all tax refunds, beginning with tax year 2022 to the Plan each year during the applicable plan period.  Said refunds must immediately (upon receipt of) be turned over to the Chapter 13 Trustee, in a certified check or money order **(Debtor(s) should not sign their IRS Refund Check and send it to the Trustee.  All money sent to the Trustee needs to be in the form of a certified check or money order)** made payable to Jon M. Waage, Chapter 13 Trustee, with complete information as to what tax year the refund represents and sent to our payment address, at PO Box 260, Memphis TN 38101-0260.  Additionally, the Debtor(s) must provide complete copies of all tax returns to the Trustee's office no later than April 15th of each year for the preceding year's taxes.

31.    In addition to the aforementioned monies, the Debtor shall also pay to the Chapter 13 Trustee a sum to be determined by the Court, derived of any net recovery, which the Debtor may receive from a hurricane claim.  The Debtor shall advise the Trustee as to the status of said hurricane claim on a semi-annual basis throughout the life of the Plan and shall promptly account for all proceeds received in settlement of said hurricane claim.  Any monies received must immediately (upon receipt of) be turned over to the Chapter 13 Trustee, to the extent determined by the Court, in a certified check or money order made payable to Jon M. Waage, Chapter 13 Trustee, with complete information as to what or where the monies derived from and send to our payment address, at PO Box 260, Memphis TN 38101-0260.

Trustee, Jon M. Waage, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the order.

JMW/KRM/ss

## APPENDIX

### State Taxes

### Sales Taxes and Unemployment Taxes.

#### Mail reports and payments to:

State of Florida - Department of Revenue
Office of General Counsel/Bankruptcy Section
P.O. Box 6668
Tallahassee, FL 32314-6668

### Federal Taxes

**Federal tax deposits of social security taxes (employer and employee shares) and withholding taxes are to be made within three banking days after each payroll is made. Deposits are to be made in a Federal Reserve Bank or a commercial bank authorized to accept federal tax deposits. Deposits are to be made by cashiers or certified check and be accompanied by Form 8109, Federal Tax Deposit Withheld Income and FICA Taxes. If Form 8109 is not available, deposits are to be mailed within the time prescribed or deposits to the address indicated below. If you pay amounts with Form 941 that should have been deposited, you may be subject to penalty. See Deposit Penalties in Section 11 of Pub. 15 (Circular E).**

**Mail original returns pre-petition (prior to confirmation) to the appropriate district office listed below according to the county listed in the bankruptcy petition as Debtor's residence or place of operating business.**

**If any taxes are due on the pre-petition returns, they should be included in the Plan (paid through the Trustee) and the IRS should be noticed at the Philadelphia address regarding the bankruptcy**

Jacksonville District
Internal Revenue Service
**Attn: Insolvency, Stop 5720**
400 W. Bay Street, Suite 35045
Jacksonville, FL 32202

Ft. Lauderdale District
Internal Revenue Service
**Attn: Insolvency, Stop 5730**
P.O. Box 17167
Ft. Lauderdale, FL 33318

**Mailing of original returns post-petition (after confirmation) and/or payments for those specific returns should be sent to the regularly scheduled address as listed by the IRS on your filing information.**

**Tedulfo Artigas Corrada**
**Case No.  2:23-bk-00265-FMD**

<u>**EXHIBIT A**</u>

**TOTAL MONTHLY AMOUNT TO BE PAID TO THE CHAPTER 13 TRUSTEE:**

| | | | | |
|---|---|---|---|---|
| **Starting** | **04/09/23** | **$275.00** | **for   7 Months** |
| | **11/09/23** | **$333.00** | **for 29 Months** |

**Total Plan Length    36    Months**

Unless otherwise consented to in writing by the Chapter 13 Trustee or by subsequent court order, **in addition to the plan payments set forth above, the Debtor shall turn over to the Trustee all tax refunds beginning with the tax year 2022 and each tax year thereafter during the term of the Plan. Said refunds must immediately (upon receipt of) be turned over to the Chapter 13 Trustee, in a certified check or money order <u>(Debtor should not sign their IRS Refund Check and send it to the Trustee.  All money sent to the Trustee needs to be in the form of a certified check or money order)</u> made payable to Jon M. Waage, Chapter 13 Trustee, with complete information as to what tax year the refund represents and sent to our payment address, at PO Box 260, Memphis TN 38101-0260.  Additionally, the Debtor must provide complete copies of all tax returns to the Trustee's office no later than April 15th of each year for the preceding year's taxes.**

**In addition to the aforementioned monies, the Debtor shall also pay to the Chapter 13 Trustee a sum to be determined by the Court, derived of any net recovery, which the Debtor may receive from a hurricane claim.  The Debtor(s) shall advise the Trustee as to the status of said hurricane claim on a semi-annual basis throughout the life of the Plan and shall promptly account for all proceeds received in settlement of said hurricane claim.  Any monies received must immediately (upon receipt of) be turned over to the Chapter 13 Trustee, to the extent determined by the Court,**

in a certified check or money order made payable to Jon M. Waage, Chapter 13 Trustee, with complete information as to what or where the monies derived from and send to our payment address, at PO Box 260, Memphis TN 38101-0260.

The claim of creditor, Union Home Mortgage Co, is specifically not dealt with nor affected by the Plan as confirmed and shall be paid by Debtor, directly to said creditor, outside the confirmed plan.

**CLAIM #  ALLOWED CLAIM FOR ATTORNEY FEES:**

N/A   Jose A. Blanco, Esquire                              $   2,500.00 **Total**
($4,500.00 - $2,000.00 = $2,500.00 through the plan)

**ATTORNEY MONITORING FEE:**

N/A   Jose A. Blanco, Esquire                              $      50.00 **Monthly**

(Paid at $0.00 per month for months (1) thru (6); then $50.00 per month for months (7) through (36)
 Note: Monitoring fee ends when the plan completes)

**MINIMUM DISTRIBUTION ON ALLOWED GENERAL UNSECURED CLAIM(S)**
$   6,400.00 **Total**

**The following unsecured claims are allowed:**

| Claim # | Creditor | Amount |
|---|---|---|
| 1-1 | Sheffield Financial | $   1,659.67 |
| 2-1 | Synovus Bank | $ 21,184.01 |
| 3-1 | JPMorgan Chase Bank, NA | $   4,760.27 |
| 4-1 | JPMorgan Chase Bank, NA | $   4,978.50 |
| 5-1 | Midland Credit Management/Bed Bath and Beyond | $      958.13 |
| 6-1 | Midland Credit Management/Brandsmart | $   5,159.35 |
| 7-1 | Portfolio Recovery/Home Design | $   6,062.90 |
| 8-1 | Portfolio Recovery/Citi/Shop Your Way | $   2,400.98 |
| 9-1 | Ally Bank | $   4,569.88 |
| 10-1 | Truist Bank | $   7,965.67 |
| 11-1 | Truist Bank | $ 22,164.82 |

**ORDER OF DISTRIBUTION:**

1. Adequate protection over life of plan or until creditor is paid in full and allowed Attorney's Fees and Administrative Expenses
2. Secured Balance plus interest over the life of the plan or as otherwise specified.
3. Domestic Support Obligations under $500.00
4. Small Secured creditors-Under $500.00 in balance.
5. Domestic Support Obligations over $500.00
6. Arrearages
7. Other Priority Creditors and Pro-Rata Distribution to Unsecured Creditors